UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GAIL BUOTE, PERSONAL REPRESENTATIVE OF THE ESTATE OF KEVIN BUOTE and GAIL BUOTE, INDIVIDUALLY,<br><br>　　Plaintiff,<br><br>v.<br><br>JEREMY LEMENAGER[1] and LAURA HUNTSMAN,<br><br>　　Defendants. | Civil No. 23-12392-LTS |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DOC. NO 6)
AND ADOPTING REPORT AND RECOMMENDATIONS (DOC. NO. 25)

January 5, 2024

SOROKIN, J.

According to the Complaint, on January 10, 2023, Jeremy LeMenager was driving his mother's car on Route 16 in New Hampshire when he crossed the centerline and struck Kevin and Gail Buote's car, killing Kevin Buote and seriously injuring Gail Buote. Doc. No. 1-1 at 5. On behalf of herself and as personal representative of her husband's estate, Gail Buote brought various negligence-related claims against LeMenager, as well as two claims against LeMenager's mother, Laura Huntsman: (1) a claim of vicarious liability premised upon LeMenager acting as Huntsman's agent by virtue of her ownership of the car; and (2) a claim of negligent entrustment. Id. at 8. Buote filed her case in Plymouth Superior Court. Id. at 1.

---

[1] The Complaint, Doc. No. 1-1, Notice of Removal, Doc. No. 1, and Answer, Doc. No. 5, all refer to Defendant Jeremy LeMenager. The ECF docket uses an incorrect spelling. The Clerk's Office shall correct this typographical error.

Huntsman and LeMenager removed the action based on diversity of citizenship, Doc. No. 1, after which Huntsman moved to dismiss the two claims lodged against her, Doc. No. 6. Magistrate Judge Kelley rendered a comprehensive Report and Recommendation suggesting denial of the motion in light of a need for discovery to aid the choice-of-law analysis. Doc. No. 25 at 15. Huntsman objects to the Report and Recommendation. Doc. No. 26.

Buote claims that LeMenager is domiciled in Massachusetts. Doc. No. 1-1 at 5. The Court has an independent duty to examine its subject-matter jurisdiction over this case. See, e.g., Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 16 (1st Cir. 2018). On the present record, the parties are plainly diverse, and there is no need to conduct jurisdictional discovery. Huntsman and LeMenager, as the removing parties, bear the burden to establish diversity. Toste Farm Corp. v. Hadbury, Inc.,70 F.3d 640, 642 (1st Cir. 1995). For purposes of diversity, domicile is determined as of the time the suit is filed in federal court, Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992), or removed to federal court, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011).

Here, there is no difference based on those dates.[2] LeMenager filed an affidavit in support of the removal petition, stating that he was domiciled in New Jersey at the time the lawsuit was filed and at the time it was removed to federal court. Doc. No. 1-3 at 1. LeMenager stated that he occasionally stayed in short-term rental units booked through Airbnb, but that he has always maintained his permanent residence at his mother's house in New Jersey. Id. He consistently maintained a New Jersey driver's license, paid state income taxes in New Jersey, kept bank accounts in New Jersey, and voted in New Jersey. Id. at 3. While he concedes that he

---

[2] Huntsman attests that she was domiciled in New Jersey for all relevant periods. Doc. No. 1-1 at 5. Buote has not disputed Huntsman's domicile.

2

was staying at a short-term rental in Massachusetts at the time of the accident, this fact would not establish domicile for diversity purposes in light of his affidavit, especially in the absence of evidence that he was staying in Massachusetts at the time of filing or removal.

Buote alleges that LeMenager is a resident of Massachusetts—but she has only advanced this theory through her unverified complaint. Doc. No. 1-3 at 5. Buote submitted no evidence whatsoever related to LeMenager's domicile at the time of removal. Thus, the present record not only firmly establishes diversity, but admits of no reason to entertain discovery regarding the basis for diversity.

There is one further minor point. The Report and Recommendation states that Buote's counsel "explained the basis for the assertion" about LeMenager's domicile during a motion hearing. Doc. No. 25 at 13. However, the Report and Recommendation does not recite the explanation. In any case, Counsel's explanation cannot defeat the evidence submitted. If Buote has information supporting a challenge to diversity, she may submit it and, of course, the Court will revisit the basis for jurisdiction.

Turning to the merits of the Rule 12(b)(6) motion, the Court addresses first the vicarious liability theory. Huntsman urges the Court to apply New Hampshire law because the accident occurred there. Judge Kelley and the parties agree that, under New Hampshire law, the owner of a vehicle cannot be held liable merely based on her ownership of the vehicle. See Danforth v. Fisher, 71 A. 535, 536 (N.H. 1908). Under Massachusetts and New Jersey law, the fact of ownership gives rise to a rebuttable presumption that the driver was the owner's agent at the time of the accident, thereby supporting vicarious liability. Mass. Gen. Laws ch. 231, § 85A; Cheek v. Econo-Car Rental Sys. of Bos., Inc., 473 N.E.2d 659, 660 (Mass. 1985); Harvey v. Craw, 264 A.2d 448, 451 (N.J. App. Div. 1970). Here, Massachusetts choice-of-law rules apply and, as

Judge Kelley pointed out, the Supreme Judicial Court has held that "on the particular facts of a case another jurisdiction may sometimes be more concerned and more involved with certain issues than the State in which the conduct occurred." Doc. No. 25 at 9–10 (quoting Pevoski v. Pevoski, 358 N.E.2d 416, 417 (Mass. 1976)). Like the instant case, Pevoski, arose out of an automobile accident. 358 N.E.2d at 417. The Supreme Judicial Court determined that the common law doctrine of lex loci delicti may not govern all issues in a tort case.

> "Where the issue involves standards of conduct, it is more than likely that it is the law of the place of the tort which will be controlling but the disposition of other issues must turn, as does the issue of the standard of conduct itself, on the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented."

Id. (quoting Babcock v. Jackson, 191 N.E.2d 279, 285 (N.Y. 1963)). Thus, different laws could apply to different aspects of a case, depending on which state had the dominant interest in their resolution. Following the above reasoning, the Pevoski court determined that Massachusetts law should govern the issue of interspousal immunity because Massachusetts had the strongest interest in the resolution of that issue—even though the case arose out of an automobile accident in New York. Id. at 418; see also Reisch v. McGuigan, 745 F. Supp. 56, 59 (D. Mass. 1990) (holding that Massachusetts law should govern plaintiff's right to bring suit in federal court for claims arising out of automobile accident that occurred in Canada).

Here, the issue needing resolution—vicarious liability of an auto owner—may not involve the "standards of conduct" or rules of the road established by New Hampshire law. At the time of the accident, the Buotes were Massachusetts residents, Huntsman was a New Jersey resident, and LeMenager was either a New Jersey resident[3] or a Massachusetts resident.[4] In these

---

[3] According to his view.
[4] According to Buote's view.

circumstances, New Hampshire's interest in enforcing its rule on vicarious liability may be of diminished force. See Bowdler v. St. Johnsbury Trucking Co., 4 A.2d 871, 873 (N.H. 1939) (concluding that purpose behind New Hampshire rule on vicarious liability was to protect resident auto owners who were "blameless as a matter of fact"). Accordingly, the Court agrees with Judge Kelley that resolving the multi-factor choice-of-law question now is premature and is more properly done on a full factual record. The Motion to Dismiss is DENIED as to the vicarious liability claim.

Huntsman also takes aim at the negligent entrustment claim. While it, too, presents a choice-of-law question, Huntsman argues that the claim fails under the law of all three states because "there are no facts alleged in the complaint to support a conclusion that Mr. Lemenager [sic] was incompetent or unfit to drive, let alone that Mrs. Huntsman knew or should have known that he was unfit." Doc. No. 26 at 2. The question is one of plausibility under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Complaint alleges several specific facts regarding the circumstances of the accident: (1) that LeMenager crossed the centerline while driving on Highway 16 during daylight hours; (2) that he hit another vehicle head-on; and (3) that he was driving a car owned by his mother, Huntsman, at the time of the accident. While sparse, Buote has alleged enough to render the claim of negligent entrustment plausible. Whether discovery will support the claim at summary judgment or trial is not now before the Court. Accordingly, the Motion to Dismiss is DENIED as to the negligent entrustment claim.

For the foregoing reasons, the Motion to Dismiss (Doc. No. 6) is DENIED and the Report and Recommendation (Doc. No. 25) is ADOPTED. The case remains referred to Judge Kelley for all purposes including pretrial management as well as dispositive and non-dispositive motions.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge